UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADRIANA AVILES, ISAAC SERRANO MUNIZ, JAMES A. HARNAR, JOHN A. NAPOLI ROMERO, JAY GREVERS, LUIS W. PROSPER, DR. GOAR BLANCO, on behalf of themselves and the putative class, <br><br> Plaintiffs, <br><br> v. <br><br> SOL MELIÁ V.C. PUERTO RICO CORP, a Puerto Rico entity, COCO CONDOMINIUM 1, LCC, a Puerto Rico entity, MELIÁ HOTELS INTERNATIONAL S.A., a Spanish entity, <br><br> Defendants. | CIVIL NO.: <br><br><br><br> RE: DECLARATORY AND INJUNCTIVE RELIEF; BREACH OF CONTRACT; LAW NO. 204 OF DECEMBER 28, 2016, PUERTO RICO VACATIONAL PROPERTY LAW; ACT 118, CONSUMER CLASS ACTION STATUTE, P.R. LAWS ANN. TIT. 32 § 3341 |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

PLEASE TAKE NOTICE THAT defendant Meliá Hotels International, S.A. ("Meliá") hereby removes the above-captioned action currently pending in the Puerto Rico Court of First Instance, Judicial Center of Fajardo, Superior Part ("Commonwealth court"), Civil Case No. 2019-CV-01381 ("State Court Action"). Removal is based on 28 U.S.C. § 1332, and authorized by 28 U.S.C. §§ 1441, 1446 and 1453.[1]

### I. INTRODUCTION

1. On or about November 8, 2019, plaintiffs Adriana Aviles, Isaac Serrano Muniz,

---

[1] In removing the action, Meliá in no way waives, or intends to waive, any of its rights, objections, or defenses to this action, including, without limitation, its right to assert defenses premised on lack of proper service, lack of personal jurisdiction, failure to state a cause of action, and any defenses it may have in this action, and thus reserves all rights, objections and/or defenses, in law or fact.

James A. Harnar, John A. Napoli Romero, Jay Grevers, Luis W. Prosper, and Dr. Goar Blanco ("Plaintiffs"), on behalf of themselves and a putative class, filed a complaint ("Complaint") with the Commonwealth court. The State Court Action was assigned Docket No. 2019-CV-01381.

2. Plaintiffs are citizens of New York, Maine, and Puerto Rico. Compl. ¶¶ 3.1-3.5.

3. Meliá is named as one of three defendants in the Complaint. Meliá is an anonymous society organized under the laws of Spain, with its principal place of business located in Palma de Mallorca, Spain. *Id.* ¶ 3.9. Anonymous societies are treated as corporations for diversity purposes. *See Thomas Diaz, Inc. v. Colombina, S.A.*, 831 F. Supp. 2d 528, 531 (D.P.R. 2011) ("Defendant Colombina S.A. is a corporation organized and existing pursuant to the laws of the Republic of Colombia, South America with principal place of business in Cali, Colombia."); *Danjaq, S.A. v. Pathe Comm'ns. Corp.*, 979 F.2d 772, 773 (9th Cir. 1992) (treating Swiss anonymous society as a foreign corporation for diversity purposes).

4. The other defendants are Sol Meliá V.C. Puerto Rico Corp. ("Sol Meliá") and Coco Condominium 1, LLC ("Coco"). Sol Meliá is a corporation organized under the laws of Puerto Rico, with its principal place of business in Rio Grande, Puerto Rico. Compl. ¶ 3.7. Coco is alleged to be a private company with principal offices in San Juan, Puerto Rico. Compl. ¶ 3.8.

5. Plaintiffs assert four (4) causes of action against defendants: (1) declaratory relief of violation of Puerto Rican law Number 204, breach of contract, and violation of the principle of contractual good faith (against "Co-Defendants"[2]); (2) injunction based on Act 118 (against Coco); (3) damages under Act 118 for violation of Puerto Rican law Number 204, breach of contract, and violation of the principle of contractual good faith (against "Co-Defendants"); and

---

[2] The Complaint refers to Sol Meliá and Coco as "Co-Defendants", Compl. ¶ 2.2, and is unclear whether "Co-Defendants" also include Meliá.

2

(4) fees and costs based on a percentage of the amount awarded (against "Co-Defendants").

6. Removal is timely because Meliá received a copy of the Complaint in the State Court Action, "through [purported] service or otherwise,"[3] on February 13, 2020 and removed the State Court Action within thirty (30) days. 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time for removal is calculated from service). In addition, this removal is pursuant, in part, to 28 U.S.C. § 1453 which makes the one-year cap for removal irrelevant when the case is being removed pursuant to the Class Action Fairness Act ("CAFA"). *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 77, fn. 6 (1st Cir. 2014) ("[O]ne-year cap is irrelevant to the present case since it does not apply to the removal of class actions under CAFA.")

7. Pursuant to 28 U.S.C. §§ 1332, 1446(a), 1441(a), and 1453(a), this Notice of Removal is being filed in the United States District Court for the District of Puerto Rico, which is part of the "district and division" embracing the place where this action was filed – the Commonwealth of Puerto Rico. *See* 28 U.S.C. § 119.

8. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

9. Meliá has satisfied all procedural requirements of 28 U.S.C. §§ 1446, 1453 and thereby removes the State Court Action to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. Further, pursuant to 28 U.S.C. § 1453(b), the consent of the other defendants is not necessary. *Coll. of Dental Surgeons v. CT Gen. Life Ins. Co.*, 585 F.3d 33, 37 (1st Cir. 2009) ("CAFA does not require the consent of all defendants to remove a class action to federal court.").

---

[3] Meliá contests that this alleged "service" was proper.

10. Appended hereto as Exhibit **A** is a copy of all process, pleadings, orders served on petitioning defendant Meliá. *See* 28 U.S.C. § 1446(a).[4]

11. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

12. Based upon the reasons stated herein, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Accordingly, the claims may be removed to this Court pursuant to 28 U.S.C. § 1453.

## II. FACTUAL BACKGROUND

13. According to the Complaint filed by plaintiffs, they, and others like them, bought time shares through a hotel owned by Sol Meliá referred to in the Complaint as "Hotel Meliá" or "Hotel Meliá Puerto Rico". Compl. ¶¶ 1.1, 1.4, 4.9. Plaintiffs allege Meliá created Sol Meliá in 2004 to enter into the Puerto Rico market to offer consumers the acquisition of timeshares that would benefit from the Meliá brand and Meliá network for timeshares for 50 years. *Id.* ¶ 1.3.

14. According to the Complaint, the purported class members acquired the timeshare membership and paid membership rates only based on the promises made by Sol Meliá when promoting the timeshares, which included that Hotel Meliá would serve as a home base, that the class members would benefit from the Meliá timeshare exchange network around the world, and that the members would benefit from this experience for 50 years. *Id.* ¶¶ 4.9-4.10, 4.12, 4.15.

15. Plaintiffs allege that as part of their membership they expected to be able to use

---

[4] Together with this Notice, Meliá is filing all process, pleadings and orders received by Melia in the State Court Action. From a review of the docket of the Commonwealth court, it appears that there are additional process, pleadings and orders that form part of the record in the Commonwealth court, but that were not served on Meliá. Upon removal, Meliá will confer with the other parties and their counsel to determine which additional materials should be made part of the record in this case, and duly translated.

Hotel Meliá, as well as timeshares in other parts of the world, where there was a club Meliá presence. *Id.* ¶ 4.13.

16. According to the Complaint, when Sol Meliá sold the time shares, "adhesion contracts" were entered into titled "Vacation Purchase Agreement," "Network Services Agreement," and the "Acknowledgements and Understandings." *Id.* ¶ 4.16. Plaintiffs admit all these contracts were executed by members of the class. *Id.* Further, according to the Complaint, Sol Meliá provided a packet of promotional materials setting forth the opportunities that could be used and enjoyed by the class members through the Meliá program and their membership in Meliá's exclusive exchange program. *Id.* Plaintiffs allege all of these documents together make up the contract that governs the Parties' relationship. *Id.*

17. Plaintiffs further allege that, in 2019, Meliá, through and with Sol Meliá, sold Hotel Meliá to Coco, and as a result transferred the timeshare memberships purchased under the Meliá brand to Coco. *Id.* ¶ 1.4.

18. Plaintiffs contend that this sale and transfer of the timeshares defrauded the trust placed in the project by timeshare owners that are members of the class, who were dispossessed of the benefits agreed to, such as the Meliá brand membership and enjoyment of its international exchange network for the next 50 years. *Id.*

19. According to the Complaint, Defendants' actions constitute violations of Law 204, Puerto Rico's law of Vacation Properties, constituted a breach of contractual obligations to the class members, and violated the principle of contractual good faith. *Id.* ¶ 1.5. Plaintiffs further seek damages and fees pursuant to Act 118 of June 25, 1971, 32 LPRA §§ 3341-3343 ("Act 118"). *Id.* ¶ 1.6.

20. Finally, to support bringing the action as a class action, plaintiffs have made the

following class allegations:

    a. The action is filed as a class action pursuant to Puerto Rico's Act 118 and Rule 20 of the Puerto Rico Civil Procedure Code. *Id.* ¶ 5.1.

    b. Plaintiffs have further defined the class as: "All those individuals who have purchased and paid a membership relying on the prestige of the Meliá mark, which included the privilege of being part of an exclusive international vacation network for a term of 50 years, whose benefits were cancelled due to the sale of the Hotel Meliá, Puerto Rico, to Coco Beach. This class does not include employees or former employees of Club Meliá, the affiliates, directors or officials of the two aforementioned entities, the judges of the General Court of Justice, or the attorneys of the parties." *Id.* ¶ 3.6 (unofficial translation).

    c. Plaintiffs allege it is impossible to name each plaintiff individually because there are thousands of class members throughout the United States, Canada, Puerto Rico, Mexico, Spain, and other countries. *Id.* ¶ 5.2.

    d. According to the Complaint, there are common questions of law and fact for the class members because their claims arise from the sale of Hotel Meliá to Coco and the subsequent cancellation of the benefits contracted for with Meliá. *Id.* ¶ 5.3.

    e. According to the Complaint, the *commonality* requirement is met because all of the common questions of facts and law affect the class members and the defendants, such that these predominate any other questions that could separately affect a defendant or class member. *Id.* ¶ 5.4.

    f. Plaintiffs allege the *numerosity* requirement is met because the class is composed of more than 2,000 members. *Id.* ¶ 5.5.

    g. Plaintiffs allege the *typicality* requirement is met because there is no antagonistic interest amongst the class members and they have a typical interest in the restitution of their initial investment and the maintenance fees paid after Hurricane Maria due to Defendants' breach of contract. *Id.* ¶ 5.6.

    h. Finally, plaintiffs allege that there is adequate representation because there is no conflict of interest between the class members and, among others, the class representatives and their attorneys will aggressively, competently and vigorously litigate the dispute. *Id.* ¶ 5.7.

### III. GROUNDS FOR REMOVAL

#### A. This Court Has Diversity Jurisdiction Over This Action under CAFA

21. This Court has original jurisdiction in this case pursuant to CAFA, 28 U.S.C. § 1332(d). Three requirements exist for diversity jurisdiction under CAFA: (1) the class must have more than 100 members; (2) the parties must be minimally diverse; and (3) the amount in controversy must exceed $5 Million. 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85 (2014) (same).

22. Here, all three requirements are met.

23. **Class Members**. The requirement that the class be composed of more than 100 members is met on the face of the Complaint. For example, plaintiffs allege that "there exists thousands of members in the Class in similar circumstances across the United States, Canada, Puerto Rico, Mexico, Spain and other countries." Compl. ¶ 5.2. Plaintiffs further allege that the numerosity requirement for class certification is met because the "class is composed of more

7

than 2,000 members." *Id.* ¶ 5.5.

24. **Minimal Diversity**. CAFA only requires minimal diversity between the plaintiffs and defendants. 28 U.S.C. § 1332(d)(2)(A)-C). "Under that requirement, a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014). Minimal diversity also can be established where either a plaintiff or defendant is a citizen of a foreign state and its counter party is a citizen of a State. 28 U.S.C. § 1332(d)(2)(B)-(C); *see also Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1343 (11th Cir. 2017) (minimal diversity also established because defendants were citizens of Florida and some class members included citizens of foreign countries). Here, minimal diversity is satisfied on the face of the Complaint. Specifically, one of the plaintiffs, Adriana Aviles, is a citizen of New York, while Sol Meliá is a citizen of Puerto Rico. Compl. ¶¶ 3.1, 3.7-3.8. Further, one of the defendants (Meliá) is a citizen of a foreign state, Spain, while all the named plaintiffs are citizens of the United States. *Id.* ¶¶ 3.9, 3.1-3.5. Thus, minimal diversity is met.

25. **Amount in Controversy**. For a district court to have jurisdiction under CAFA "the matter in controversy" must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2); *see also Romulus*, 770 F.3d at 69 (same). Further, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(6). Here, plaintiffs themselves have quantified their damages in their Complaint at $150,000,000. Compl. ¶ 8.6. Thus, this requirement for the application of CAFA is also met.

26. Meliá is further unaware of any exception that would apply to divest this Court of

jurisdiction.

27.     Pursuant to the provisions contained in 28 U.S.C. § 1446(d), Meliá will notify the Commonwealth court with a file-stamped copy of the present Notice, and also notify plaintiffs' counsel of the instant action.

## IV.    CONCLUSION

By this Notice and its attachments, Meliá does not waive any objections it may have as to improper service, jurisdiction, or venue or any other defenses or objections to this Action or the State Court Action.  Meliá intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and pleas.  Meliá hereby notices that this action be removed to this Court, that all further proceedings in the state court be stayed, and that Meliá obtains all additional relief to which it is entitled.

**WHEREFORE**, petitioning defendant Meliá respectfully requests that this Honorable Court allow the instant notice of removal and, consequently, order this case to proceed, as an action properly removed pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and that all further proceedings in this action be conducted before this Court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of March 2020.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of the foregoing Notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

| | |
|---|---|
| **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, PSC** <br> P.O. Box 70294 <br> San Juan, PR 00936-8294 <br> Tel: 787.756.9000 <br> Fax: 787.756.9010 <br> Email: epo@amgprlaw.com <br><br> By: _/s/Eric Pérez-Ochoa_ <br> Eric Pérez-Ochoa <br> USDC-PR No. 206314 <br><br> _/s/Luis A. Oliver Fraticelli_ <br> Luis A. Oliver Fraticelli <br> USDC-PR No. 209204 <br><br> _/s/Sarika Angulo_ <br> Sarika Angulo <br> USDC-PR No. 230502 <br><br> *Counsel for Defendant* <br> *Meliá Hotels International, S.A.* | **REED SMITH LLP** <br> 1001 Brickell Bay Drive <br> Suite 900 <br> Miami, Florida 33131 <br> Tel.: (786) 747-0200 / Fax: (786) 747-0299 <br><br> By: _/s/ Ana Barton_ <br> Ana M. Barton (USDC-PR No. 229205) <br> abarton@reedsmith.com <br> Jose I. Astigarraga* <br> jia@reedsmith.com <br> Edward M. Mullins* <br> emullins@reedsmith.com <br> Sujey S. Herrera* <br> sherrera@reedsmith.com <br><br> *\* Pro Hac Vice Admission To Be Filed* <br><br> *Counsel for Defendant* <br> *Meliá Hotels International, S.A.* |

10