# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADRIANA AVILÉS, et al.<br><br>**Plaintiffs,**<br><br>v.<br><br>SOL MELIA V.C. PUERTO RICO CORP., et al.<br><br>**Defendants.** | **CASE NO. 20-1146 (GAG)** |

## MEMORANDUM ORDER

Adriana Avilés, Isaac Serrano-Muñiz, James A. Harnar, John A. Napoli-Romero, Jay Grevers, Luis W. Prosper, and Dr. Goar Blanco, on behalf of themselves and the putative class, (collectively, "Plaintiffs") filed suit against Sol Meliá V.C. Puerto Rico Corp. ("Sol Meliá PR"), Meliá Hotels International, S.A., ("Meliá International"), and Coco Condominium 1, LCC ("Coco") (collectively, "Defendants") before the Puerto Rico Court of First Instance seeking redress for injuries that principally occurred *outside* of Puerto Rico. (Docket No. 1-1). Plaintiffs plead having lost access to their timeshare membership and benefits, including the Meliá Brand, Hotel Meliá in Puerto Rico, and all clubs and affiliates of Meliá International *around the world.* (Docket Nos. 1-1 at 40-42).[1] Defendants removed Plaintiffs' complaint to this Court, pursuant to 28 U.S.C. §§ 1441; 1446; 1453.

---

[1] These allegations were also included in the Amended Complaint filed with prior leave of this Court. (Docket Nos. 80; 81 at 8-9).

1

**Civil No. 20-1146 (GAG)**

(Docket No. 1). Pending before the Court are Plaintiffs' motions for remand. (Docket Nos. 14; 83; 102).

After the conclusion of jurisdictional discovery, Plaintiffs filed a third motion to remand arguing that, according to the timeshare contracts reviewed, more than two-thirds of the proposed class are residents of the Commonwealth of Puerto Rico and hence, satisfy said requirement of the Class Action Fairness Act "local controversy" exception, 28 U.S.C. § 1332(d)(3). (Docket No. 102). In opposition, Defendants posit that: (1) "residency" does not equate to "citizenship" for jurisdictional purposes; (2) the "years old" addresses used by Plaintiffs fail to accurately determine "citizenship," and (3) even if these addresses were to be valid, the percentage calculations at the time of removal (March 2020), as proffered by Defendants, fall below the two-thirds requirements. (Docket No. 112). With leave of Court, a reply and sur-reply were filed thereafter. (Docket Nos. 116; 121).

Having reviewed the parties' submissions and applicable law, the Court finds that Defendants have successfully met the burden for removal. See Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). By the same token, Plaintiffs have failed to establish that neither the "local controversy" nor the "discretionary" exception applies in this case. See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75 (1st Cir. 2009); González v. Banco Santander, S.A., Civil No. 16-2868 (CCC), 2017 WL 5957735 (D.P.R. 2017). Thus, the Court has subject-matter jurisdiction over this matter, pursuant to CAFA, 28 U.S.C. § 1332 (d)(2).

Civil No. 20-1146 (GAG)

## I. Discussion

After assessing the documentary evidence produced during the jurisdictional discovery, the Court agrees with Defendants' position at Docket Nos. 112 and 121. Regardless of the fact that Defendants somewhat altered their initial legal theory, Plaintiffs fail to put this Court in a position to apply a statutory *exception* and remand the case to the Commonwealth of Puerto Rico courts. See González, 2017 WL 5957735 at *2 (D.P.R. 2017) ("CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, *with all doubts resolved in favor of exercising jurisdiction over the case.*") (internal quotation marks omitted) (emphasis added).

Defendants effectively challenge Plaintiffs' percentage calculations and advance that past "residency" addresses —including hundreds of PO BOX addresses— are insufficient to establish domicile/citizenship at the time of removal. (Docket Nos. 112 at 10; 112-1; 112-2). The Court agrees with this analysis. See Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 49 (1st Cir. 2016); McMorris v. TJX Companies, Inc., 493 F. Supp. 2d 158, 162-63 (D. Mass. 2007); Brown v. St.-Gobain Performance Plastics Corp., Civil No. 16-242 (JL), 2016 WL 6996136, at *6 (D.N.H. 2016).

Plaintiff's original complaint —filed in Commonwealth of Puerto Rico, Fajardo Superior Court— alleged that the main injuries occurred *outside* of Puerto Rico because Plaintiffs plead that they have lost access to timeshare benefits in *other* jurisdictions.

**Civil No. 20-1146 (GAG)**

(Docket Nos. 1 at 4; 1-1 at 42; 32 at 10; 85 at 8-9). The fact that the matter before this Court involves national and international interests further supports the Court's decision not to apply CAFA's "local controversy" and "discretionary" exceptions. See 28 U.S.C. §§ 1332(d)(3); 1332(d)(4)(A)(III).

Turning to Plaintiffs' argument that the timeshare contracts have a forum selection clause which precludes federal jurisdiction (Docket No. 14 at 6-7), the Court holds that this clause cannot be enforced against all Defendants and does not necessarily deprive federal courts of jurisdiction. See Afunday Charters, Inc. v. Spencer Yachts, Inc., 261 F. Supp. 3d 257, 265 (D.P.R. 2017); see also Bancredito Int'l Bank Corp. v. Data Hardware Supp., Inc., Civil No. 18-1005 (CCC) 2018 WL 6443985, at *2-5 (D.P.R. 2018). Nevertheless, even if it could be applied to all Defendants, the parties have failed to submit evidence indicating that they have exhausted the administrative procedures contemplated in the clause. (Docket No. 32 at 14).

On a final note, the Court admonishes the parties' unreasonable and careless representations to Court and among themselves. See e.g. Docket Nos. 100, 104, 107, 108, 116, 121. These constitute borderline sanctionable conduct under FED. R. CIV. P. 11 and 28 U.S.C. § 1927. See Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 245 (1st Cir. 2010); Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990). Moving forward, the parties shall behave and speak civilly, showing the utmost respect and decorum as mandated by the undersigned's Standing "Code of Civility" adopted precisely *"to encourage all participants in cases before*

**Civil No. 20-1146 (GAG)**

*the Court to meet their legal and ethical obligations to each other, to litigants and to the system of justice, thereby achieving the twin goals of civility and professionalism, both of which are hallmarks of a learned profession dedicated to public service.*" (Docket No. 4-5 at 1) (emphasis in original).

## II.     Conclusion

For the reasons stated above, the pending Motion to Remand to State Court Urgent Motion to Remand (Docket No. 14); Motion Requesting Discretionary Remand (Docket No. 83), and Motion to Remand to State Court for Lack of Jurisdiction under CAFA (Docket No. 102) are **DENIED**. The pending Joint Motion to Stay Term to File Answer to Amend Complaint or Otherwise Plead (Docket No. 82) and Joint Motion In Compliance as to 101 Order on Informative Motion (Docket No. 108) are **NOTED**.  As a result, Defendants have **thirty (30) days** to file an answer to Plaintiffs' Amended Complaint or otherwise plead at Docket No. 81.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of December, 2020.

> *s/ Gustavo A. Gelpí*
> GUSTAVO A. GELPI
> United States District Judge